UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| DAVID RAHEEM ANDERSON, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 15-CV-57-HRW |
| ) | |
| v. ) | |
| ) | |
| JODIE L. SNYDER-NORRIS, ) | **MEMORANDUM OPINION** |
| *Warden*, ) | **AND ORDER** |
| ) | |
| Respondent. ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Petitioner David Raheem Anderson is an inmate confined by the Bureau of Prisons in the Federal Correctional Center in Ashland, Kentucky. Anderson has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1], challenging the enhancement of his federal sentence under the residual clause of the Armed Career Criminal Act ('ACCA'), 18 U.S.C.A. § 924(e)(2)(B)(ii). [1] Anderson has paid the $5.00 filing fee. [D. E. No. 3]

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Anderson

---

[1] Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a violent felony. *See* 28 U.S.C. § 924(e)(1) (discussing punishment for § 922(g) offenders). The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year ... that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). The last clause of that statute, "or otherwise involves conduct that presents a serious potential risk of physical injury to another," is known as the "residual clause."

1

is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Thus, at this stage of the proceedings, the Court accepts Anderson's factual allegations as true and and liberally construes his legal claims in his favor.

The Court has reviewed Anderson's habeas petition but for the reasons set forth below, determines that that it cannot grant the relief which Anderson seeks, *i.e.*, an order granting him relief from the 180-month federal sentence which he is currently serving.

## BACKGROUND

In July 2007, Anderson pleaded guilty in a South Carolina federal court to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). *United States v. Anderson*, No. 6:07-CR-252-MGL-1 (D. S. C. 2007) [R. 16-17, therein] Pursuant to the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), the district court determined that Anderson was an armed career criminal based on his five prior convictions for violent felony or serious drug offenses, and on November 1, 2007, sentenced Anderson to the mandatory minimum 180-month (15-year) prison term. [R. 23, therein].

Anderson's counsel filed an appeal under *Anders v. California*, 386 U.S. 738 (1967), acknowledging that no meritorious grounds for appeal existed, but suggesting the district court had erred in sentencing Anderson under the ACCA, because the prior convictions used to support that designation were not set forth in the indictment. The Fourth Circuit rejected Anderson's arguments and affirmed the sentence. *United States v. Anderson*, 321 F. App'x 334 (4th Cir. 2009)

In April 2010, Anderson filed his first motion in the district court seeking to vacate his sentence under 28 U.S.C. § 2255. [Anderson Criminal Case, No. 6:07-CR-525; R. 40, therein]. Anderson alleged that in two respects, he had been denied affective assistance of counsel in violation of his rights guaranteed under the Sixth Amendment of the U.S. Constitution. First, Anderson argued that his counsel failed to object to the fact that the district court had used his youthful offender convictions to classify him as an armed career criminal, and that those youthful offender convictions could not serve as predicate offenses under the ACCA. Second, Anderson asserted that his counsel failed to object to the fact that the district court used his prior conviction for simple possession as a predicate offense to satisfy the ACCA, arguing that simple possession cannot constitute a "serious drug offense" and thus qualify as a predicate offense. Anderson further argued that he did not appeal those issues because his counsel advised him that no factual basis existed for an appeal.

The government responded that Anderson had received effective assistance of counsel in all respects. The government argued that Anderson's counsel had both objected to the use of the youthful offender convictions as predicate offenses under the ACCA and had filed a supplemental brief as to whether juvenile convictions could serve as predicate offenses, but that the Fourth Circuit did not consider the issue because Anderson's counsel agreed that Anderson's convictions were not juvenile convictions. The government also argued that Anderson's simple possession convictions were not used as predicate offenses at sentencing.

On October 10, 2010, the district court denied Anderson's first § 2255 motion. [R. 52, therein] The court determined that based on applicable Fourth Circuit precedent, it properly concluded that Anderson's 1981 convictions--which included convictions for housebreaking--

3

were violent felonies punishable by a term of imprisonment exceeding one year, and that they qualified as predicate offenses for sentence enhancement purposes under ACCA. [*Id.*, pp. 4-9][2]

The district court also rejected as unfounded Anderson's second claim alleging ineffective assistance of counsel based on his counsel's alleged failure to object to the use of his prior simple possession conviction as a predicate offense, stating that it did not use that particular conviction as a predicate offense to enhance his sentence under the ACCA. [*Id.*, p. 9 therein] The district court explained that it instead used five other previous convictions which were classified as predicate offenses, *i.e.*, Anderson's 1981 convictions and his convictions for accessory after the fact to burglary or housebreaking with intent to steal and grand larceny, ABHAN, and voluntary manslaughter. [*Id.*,] Anderson appealed, but on June 1, 2011, the Fourth Circuit Court of Appeals denied his motion for a certificate of appealability. [R. 63, therein]

On August 13, 2012, Anderson filed his second § 2255 motion in the district court, seeking relief from his sentence based on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011. [*Id.*, R. 68, therein] On January 13, 2014, the district court denied Anderson's second § 2255 motion for lack of jurisdiction because Anderson had not obtained the Fourth Circuit's permission permission to file a second or successive § 2255 motion. [*Id.*, pp. 3-5, therein] Anderson

---

[2] On October 19, 1981, Anderson pleaded guilty in South Carolina's Court of General Sessions to two separate sets of crimes (his 1981 convictions). The first set of crimes to which he pleaded guilty involved housebreaking and larceny that took place at a store house called the "Catalina Club." The incident occurred on October 29, 1980, when Anderson was seventeen. The circuit court judge sentenced Anderson under the Youthful Offenders Act ("YOA"), S.C. Code Ann. §§ 24-19-10 to -160, for a period not to exceed six years. The second set of crimes to which Anderson pleaded guilty involved housebreaking, receiving stolen goods, and larceny that took place at a store house called "Wilson's Curb Market, Inc." This incident occurred on July 31, 1981, when Anderson was still seventeen. Anderson was again sentenced under the YOA for a term not to exceed five years. On October 22, 1982, Anderson pleaded guilty in General Sessions to accessory after the fact to burglary or housebreaking with intent to steal and grand larceny that occurred at a dwelling house on or about August 14 or 15, 1982. Anderson was nineteen at the time of the incident. He received another YOA sentence not to exceed six years, but the sentence was suspended to two years' probation. In 1986, Anderson pleaded guilty in state court to voluntary manslaughter, and in 2000, he was convicted in state court of as he was convicted in state court of assault and battery of a high and aggravated nature (ABHAN).

4

appealed that order, but the Fourth Circuit Court of Appeals denied his motion for an order authorizing the district court to consider second or successive § 2255 motion. [*Id.*, R. 81, therein; *see In re: David Raheem Anderson*, No. 140381 (4th Cir. Aug. 4, 2014)]

## ALLEGATIONS ASSERTED IN THE § 2241 PETITION

Johnson asserts that based on the Supreme Court's recent decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), the district court improperly enhanced his sentence under the residual clause of the ACCA, and that he should be resentenced and/or released from federal custody. *Johnson* addressed the constitutionality of the residual clause of the ACCA, holding that it violates due process because it is unconstitutionally vague. *Johnson*, 135 S.Ct. at 2557.

Anderson contends that because his 180-month sentence was based on the residual clause of the ACCA, and because the Supreme Court held in *Johnson* that the residual clause is unconstitutionally vague, his enhanced sentence violates the U.S. Constitution's guarantee of due process. Anderson further contends that *Johnson* announces a new substantive rule of constitutional law that applies retroactively to final convictions such as his, and that pursuant to 28 U.S.C. § 2241, he is entitled to immediate relief from his 180-month sentence.

## DISCUSSION

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging issues which relate to the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The Sixth Circuit explains the difference between the two statutes:

5

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

Here, Anderson is not challenging the manner in which the BOP is executing his sentence, such as its computation of sentence credits or consideration of parole eligibility, issues which fall under the purview of § 2241. Instead, Anderson contends that his sentence, which was enhanced under the ACCA's residual clause, violates his due process constitutional rights, and that based on *Johnson*, he should be resentenced without the enhancement and/or released from federal custody.

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is found to be inadequate or ineffective. *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Id.* "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Id.*, 180 F.3d at 756.[3]

---

[3] The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it. *Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002).

6

*Johnson* was not decided until June 26, 2015, long after Anderson filed his § 2255 motion in the South Carolina district court, so to that extent, his remedy under § 2255 could be considered inadequate and ineffective. But even so, a federal prisoner proceeding under § 2241 can invoke the savings clause of § 2255 only if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003), and an actual innocence claim can proceed under § 2241 only when it is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003).

As to establishing an actual innocence claim, Anderson faces an obstacle: he asserts a challenge to his enhanced sentence, but the Sixth Circuit has never extended to savings clause to a § 2241 petitioner who challenges only the enhancement of his sentence. In fact, the Sixth Circuit has repeatedly held (and in no uncertain terms): "Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *see also Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (same); *Contreras v. Holland*, 487 F. App'x 287, 288 (6th Cir. 2012) (holding that prisoner's challenge to his sentencing enhancement under §§ 841 and 846 was not cognizable under § 2241); *Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012) (same); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) ("[C]laims of sentencing error may not serve as the basis for an actual innocence claim."); *see also, Hoskins v. Coakley*, No. 4:13-CV-1632, 2014 WL 245095 (N.D. Ohio Jan. 22, 2014) (denying § 2241 petition in which federal prisoner challenged only his enhanced sentence).

7

Anderson does not challenge his underlying § 922(g) firearm conviction in this § 2241 proceeding; instead, he challenges the *length* of his sentence, arguing that under *Johnson*, he should be re-sentenced to a shorter prison term. Because Anderson asserts a sentencing claim, and because the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their convictions, not their sentences, Anderson has not alleged a valid actual innocence claim that is cognizable under § 2241. Thus, his § 2241 petition must be denied.

*Johnson* was decided very recently, and the Court's research as of August 24, 2015, does not reveal a case in which the Sixth Circuit has addressed *Johnson* in the context of a § 2241 petition and/or elaborated as to whether *Johnson* applies retroactively to final convictions or to cases on collateral review. As of August 24, 2015, the Sixth Circuit has reversed and remanded several criminal sentences based on *Johnson*, but those cases were in various stages of direct appeal, not collateral review of an already final conviction. *See United States v. Bell*, No. 13-6339, 2015 WL 4746360, at *1 (6th Cir. Aug. 12, 2015); *United States v. Franklin*, No. 14-5093, 2015 WL 4590812 (6th Cir. July 31, 2015), *United States v. Bilal*, No. 14-4190, 2015 WL 4568815 (6th Cir. July 29, 2015).[4]

---

[4] In *Bilal*, the Sixth Circuit reversed and remanded Bilal's enhanced sentence based on *Johnson*, explaining that Bilal's 1995 conviction for attempted aggravated robbery was not one of the specific violent felony offenses enumerated in § 924 (e)(2)(B)(ii); that it qualified as a violent felony only through the ACCA's residual clause; and that the Supreme Court had since determined (in *Johnson*) that the ACCA's residual clause violates the U.S. Constitution's guarantee of due process because it is unconstitutionally vague. *Bilal*, 2015 WL 4568815, at *1. However, in doing so, the Sixth Circuit noted that "...a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final." *Id.*, (citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)). The court's use of the qualifying phrase describing cases that are "on direct review or not yet final" suggests that *Johnson* may apply retroactively only to convictions which have not become final, not to cases on collateral review in which the conviction has become final, as in Anderson's case.

At least two other district courts have considered a § 2241 petition in which the petitioner used *Johnson* to collaterally challenge a sentence enhanced under the residual clause of the ACCA. In *Cockrell v. Kreuger*, No. 1:15-CV-01279, 2015 WL 4648029 (C. D. Ill., Aug 5, 2015), the Illinois district court held that because Johnson qualified as a new substantive rule of constitutional law, Petitioner Cockrell should bring his sentence challenge under 28 U.S.C. § 2255 rather than through a habeas petition filed under 28 U.S.C § 2241, but that even in light of Johnson, Cockrell could not challenge his ACCA-enhanced sentence in a § 2241 habeas proceeding. [*Id.* at *2-3] The district court explained that Cockrell could proceed in the sentencing court under § 2255 by asking the Seventh Circuit court to Appeals for permission to file a second or successive petition based on *Johnson*. *Id.* at *3 (stating, "Section 2255 provides a limited remedy--second or successive petitions are appropriate when the appropriate court of appeals certifies that it contains 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.' 28 U.S.C. § 2255(h)(2).")

A district court in Pennsylvania has taken a similar approach in a § 2241 proceeding filed by a prisoner who challenged his ACCA enhanced sentence based on *Johnson. See Wood v. Maiorana*, No. 3:CV-15-1409, 2015 WL 4663267, at **2-6 (M. D. Pa. Aug. 6, 2015). In that case, the district court determined that it should not and would not address the prisoner's *Johnson* sentencing challenge in § 2241 petition, and actually transferred the § 2241 petition to the sentencing court for consideration of the prisoner's *Johnson* claim under 28 U. S. C. § 2255. This Court agrees with analysis and rationale set forth in both cases, but will follow the Illinois district court's procedural approach in this § 2241 proceeding.

If Anderson wishes to challenge his ACCA enhanced sentence under *Johnson*, he may do so by asking the Fourth Circuit Court of Appeals for permission to file a second or successive § 2255 motion based on *Johnson* in the South Carolina district court where he was sentenced. If the Fourth Circuit interprets *Johnson* as a new substantive rule of constitutional law that applies retroactively to cases which have become final, or which are proceeding on collateral review, Anderson can then bring his retroactive *Johnson* challenge in a successive § 2255 motion in the South Carolina district court where he was sentenced. That court is better equipped to analyze Anderson's sentence in light of *Johnson* and its impact, if any, on the treatment of his prior state court convictions.

For the reasons set forth above, Anderson has not demonstrated that he is actually innocent of the underlying § 9229(g) firearm offense of which he was convicted. Because Anderson is not entitled to relief under § 2241, his habeas petition will be denied and this proceeding will be dismissed.

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. Petitioner David Raheem Anderson's 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

2. The Court will enter an appropriate Judgment.

3. This 28 U. S. C. § 2241 habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This September 2, 2015.



Signed By:
*Henry R. Wilholt, Jr.*
**United States District Judge**